UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
JASON RAMSEUR,                   :
                                 :
    plaintiff,                   :
                                 :
v.                               :       CASE NO. 3:24cv1972(VDO)
                                 :
STATE OF CONNECTICUT             :
DEPARTMENT OF CORRECTION,        :
                                 :
    defendant.                   :
```

RULING ON DEFENDANT'S MOTION TO COMPEL

Pending before the Court is the defendant's motion to compel supplemental responses to a variety of interrogatories and to schedule depositions. (Dkt. #42.) For the following reasons, Defendant's motion to compel is GRANTED.

**I. Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Discovery under the Federal Rules of Civil Procedure is a conditional and carefully circumscribed process." Bagley v. Yale

Univ., 315 F.R.D. 131, 144 (D. Conn. 2016), as amended (June 15, 2016). The party seeking the discovery has the burden of demonstrating relevance. Id.  This analysis "requires one to ask: Is the discovery *relevant* to a party's *claim* or *defense*? Which claim? Which defense? At this stage of the litigation, one looks to the parties' pleadings for their claims or defenses." Id.  Once the requesting party has demonstrated relevance, "[t]he party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

"A district court has wide latitude to determine the scope of discovery[.]" In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir. 2008). "The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled." Favale v. Roman Catholic Diocese of Bridgeport, 235 F.R.D. 553, 558 (D. Conn. 2006) (quotation marks and citation omitted).

**II.   Discussion**

In the pending motion, the defendant is seeking to compel plaintiff to provide sufficient supplemental responses to interrogatories as well as to schedule fact depositions. Defendant asserts that following initial responses from

2

plaintiff, counsel followed up multiple times to try to remedy alleged deficiencies in plaintiff's interrogatory responses and to schedule depositions.  However, plaintiff did not respond or otherwise supplement the previous responses.  (Dkt. #42-1 at 2; Dkt. #42-2.)  Therefore, defendant filed the instant motion to compel.  After plaintiff failed to respond to defendant's motion to compel, the Court issued an order for plaintiff to show cause why the motion should not be granted absent an objection.  (Dkt. #52.)  Plaintiff thereafter responded with supplemental responses to the requested interrogatories and indicated that plaintiff inadvertently missed the response deadline due to a docketing error. (Dkt. #55 at 1.)  Defendant has filed a response highlighting alleged deficiencies that continue to exist in plaintiff's responses. (Dkt. #57.)

Generally, defendant's argument is that plaintiff has failed to fully articulate responses to the interrogatories as written.  Instead, in many instances the plaintiff has generally referred to other documents or other answers.  Additionally, in many instances, plaintiff has indicated that the responses are sufficient because the defendant is free to ask for more detailed information regarding all the allegations during plaintiff's deposition.

Upon review, the Court agrees with defendant that plaintiff's responses, and supplemental responses are

insufficient.  In some of the initial responses plaintiff made an apparent effort to give some information, however, it is clear that in most instances the responses were not specifically detailed enough to fully respond to the interrogatory.  For instance, one recurring problem is that plaintiff's responses would not include the people to whom an issue was reported, or the identities of witnesses, or other specifically requested detail.

The supplemental responses, nearly uniformly, direct defendant to other documents, including specific sections of the complaint, other interrogatory responses, or to other documents in general.  However, directing a party to another document is insufficient when responding to an interrogatory. Indeed, "[a]nswers to interrogatories that reference . . . the complaint itself, or any other documents are improper and thus unresponsive." Rivera v. Affineco, LLC, No. 16-CV-1666 (JBA), 2018 U.S. Dist. LEXIS 30198, at *28 (D. Conn. Feb. 26, 2018).  Likewise, a response that the requesting party can ask about the allegations during future depositions is also insufficient.  In the Second Circuit, case law dictates that a party "may not rely on the prospect that the requested information may be obtained through 'future deposition testimony in lieu of complete responses to interrogatories.'" Matalavage v. Sheriff of Niagara

4

Cnty., No. 20-CV-1254Sk(F), 2023 U.S. Dist. LEXIS 26692, at *34-*35 (W.D.N.Y. Feb. 16, 2023) (citation omitted).

### III.    Conclusion

For the foregoing reasons, defendant's motion to compel (dkt. #42) is granted.  Plaintiff is to provide full, specific, written responses to interrogatories 2, 3, 4, 5, 6, 10, 11, 13, 15 and 18 no later than 1/21/26.  In addition, plaintiff must work with defendant to schedule and hold the necessary depositions of plaintiff and the warden by 2/15/26.

This is not a Recommended Ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2.  As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this 22nd day of December, 2025 at Hartford, Connecticut.

_____/s/_____

Robert A. Richardson
United States Magistrate Judge